IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SERGIO SALDANA DE LA CRUZ,** : | |
|     Petitioner : | |
| : | No. 1:21-cv-473 |
| v. : | |
| : | (Judge Kane) |
| **WARDEN OF USP ALLENWOOD,** : | |
|     Respondent : | |

**MEMORANDUM**

On March 16, 2021, pro se Petitioner Kitano Jordan ("Petitioner"), a federal prisoner incarcerated at Federal Correctional Institution at Allenwood ("FCI Allenwood") in White Deer, Pennsylvania, initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his sentencing enhancement in light of United States v. Davis, 139 S. Ct. 2319 (2019). (Doc. No. 1.) In an Order dated June 25, 2020, the Court directed Respondent to file a response to the § 2241 petition within twenty (20) days. (Doc. No. 4.) Respondent filed the answer on April 27, 2021. (Doc. No. 6.) Petitioner has not filed a traverse, and the time for doing so has now expired. (Doc. No. 4.) Accordingly, Petitioner's § 2241 petition is ripe for disposition. For the following reasons, the Court will dismiss Petitioner's § 2241 petition without prejudice for lack of jurisdiction.

**I.    BACKGROUND**

On June 8, 2013, Petitioner was deported from the United States to Mexico through Eagle Pass, Texas. (Doc. No. 6 at 2.) On July 1, 2013, Petitioner was observed crossing the American Canal and running north at the Sixth Street bend in El Paso, Texas. (Id.) Petitioner admitted to being a citizen and national of Mexico, and, at that time, he lacked any immigration documents that would allow him to be in or remain in the United States legally. (Id. at 2-3.) Petitioner was thus arrested and transported to the Paso Del Norte Border Patrol Processing Center. (Id. at 3.)

On July 24, 2013, Petitioner was indicted for illegally re-entering the United States after his removal in violation of 8 U.S.C. § 1326 in the United States District Court for the Western District of Texas.  (Id.)  See United States v. Saldana-De La Cruz, No. 3:13-cr-1587, Doc. 9 (W.D. Tex.).  With the indictment, the Government gave notice that it would seek an enhanced penalty under 8 U.S.C. § 1326(b)(2) based on Petitioner's criminal history.  (Doc. No. 6 at 3.)  See United States v. Saldana-De La Cruz, No. 3:13-cr-1587, Doc. 10 (W.D. Tex.).

On September 24, 2013, Petitioner pled guilty to a violation of 8 U.S.C. § 1326.  (Doc. No. 6 at 3.)  See United States v. Saldana-De La Cruz, No. 3:13-cr-1587, Doc. 18 (W.D. Tex.).  On December 9, 2013, Petitioner was sentenced to seventy-one (71) months of imprisonment.  (Doc. No. 6 at 3.)  See United States v. Saldana-De La Cruz, No. 3:13-cr-1587, Doc. No. 24 (W.D. Tex.).  Petitioner did not file a direct appeal.  (Doc. No. 6 at 3.)

On October 9, 2018, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, arguing that he should not have received an enhanced prison term under 8 U.S.C. § 1326(b)(2), as his prior Texas conviction for aggravated robbery did not constitute a "crime of violence" as defined in 18 U.S.C. § 16(a).  (Id. at 4.)  See Sergio Saldana De La Cruz v. United States, No. 18-cv-299, Doc. 1 (W.D. Tex.)  On June 19, 2019, the court denied Petitioner's § 2255 motion, his civil case was dismissed with prejudice, and he was denied a certificate of appealability.  (Doc. No. 6 at 4.)  See United States v. Sergio Saldana-De La Cruz, No. 13-cr-1587, Doc. 41 (W.D. Tex.).

Petitioner appealed that decision to the United States Court of Appeals for the Fifth Circuit on July 1, 2019.  (Doc. No. 6 at 4.)  See United States v. Sergio Saldana-De La Cruz, No. 13-cr-1587, Doc. 44 (W.D. Tex.).  On March 17, 2020, the United States Court of Appeals for the Fifth Circuit advised Petitioner that he must obtain a certificate of appealability in order to appeal the denial of his § 2255 motion.  (Doc. No. 6 at 4.)  See United States v. Sergio Saldana-

De La Cruz, No. 19-50605 (5th Cir.). The court construed the notice of appeal as a request for a certificate of appealability, which it denied, finding that "the record reveals no nonfrivolous issue for appellate review." See id. On May 15, 2020, Petitioner filed a motion for reconsideration pursuant to Rule 59(e). (Doc. 6 at 5.) See United States v. Sergio Saldana-De La Cruz, No. 19-50605 (5th Cir.). The court denied that motion on May 28, 2020. (Doc. No. 6 at 5.) See United States v. Sergio Saldana-De La Cruz, No. 19-50605 (5th Cir.).

In the instant petition, Petitioner argues that his conviction does not qualify for enhancement under 8 U.S.C. § 1326(b)(2) and that his "statute of conviction should reflect 1326(b)(1), which is not deportable, without correction I face future consequences of deportation." (See Doc. No. 1 at 5.) In support of his argument, Petitioner cites United States v. Davis, 139 S. Ct. 2319 (2019), which held that 18 U.S.C. § 924(c)(3)(b) is unconstitutionally vague. In the answer, Respondent argues that this Court lacks jurisdiction over the petition, and even if the Court could exercise jurisdiction over it, Petitioner has failed to state a claim for relief because the statute at issue in Davis, 18 U.S.C. § 924(c)(3)(B) was not used to enhance Petitioner's sentence. (Doc. No. 6 at 5.)

**II.     DISCUSSION**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

3

Section 2255, however, contains a safety valve when "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), when a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." See Dorsainvil, 119 F.3d at 251.

The Third Circuit emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the Supreme Court of the United States, may not have been criminal conduct at all. See id. at 251-52.

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this petition only if Petitioner demonstrates (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 F. App'x 468, 470 (3d Cir. 2003).

Here, Petitioner's claims do not fall within the Dorsainvil exception because Petitioner has an opportunity to seek judicial review of the legality of his conviction by filing an application to file a second § 2255 motion pursuant to 28 U.S.C. § 2255(h)(2) with the United

States Court of Appeals for the Fifth Circuit to the extent that he seeks to raise a Davis claim. See In re Matthews, 934 F.3d 296 (3d Cir. 2019) (holding Davis to be a new rule of constitutional law retroactive to cases on collateral review and that petitioners may file a second or successive § 2255 motion pursuant to § 2255(h) to challenge such claims); see also In re Thomas, 988 F.3d 783 (4th Cir. 2021); In re Franklin, 950 F.3d 909 (6th Cir. 2020); In re Mullins, 924 F.3d 975 (10th Cir. 2019); In re Hammond, 931 F.3d 1032 (11th Cir. 2019). In addition, to the extent that Petitioner argues that his "statute of conviction should reflect 1326(b)(1), which is not deportable" rather than § 1326(b)(2), Petitioner had an earlier opportunity to raise such a claim in his first § 2255 motion. Because Petitioner has not demonstrated that a second § 2255 motion would be "inadequate or ineffective to test the legality" of his detention, he cannot raise his claim in this petition, and the Court lacks jurisdiction over it.

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." See 28 U.S.C. § 1631. The Court declines to do so here because Petitioner's sentence was not enhanced by 18 U.S.C. § 924(c)(3)(B), which was the statute at issue in Davis. The Court thus finds that it is not in the interests of justice to transfer this habeas petition. Petitioner is free to request permission to file a second § 2255 on his own.

### III.  CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed without prejudice. An appropriate Order follows.